UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIE S. KEITH,

            Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

            Defendant.

NO. C07-242CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff Willie S. Keith appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C sections 401-33 and Supplemental Security Income ("SSI") disability benefits under Title XVI of the SSA, 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court affirms in part, and reverses and remands in part, the Commissioner's decision for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a forty-year-old male, thirty-five years old at the alleged disability onset date. Administrative Record ("AR") at 20; 284. He completed high school and has work experience as a bartender and in food service. AR at 20; 284-86. He last performed substantial gainful activity in

ORDER - 1

January 2003. AR at 284. Plaintiff filed his application for benefits on June 13, 2003 alleging he met the disability status requirements as of February 2, 2003 due to infection with human immunodeficiency virus (HIV) along with pneumonia infection. AR at 53. His claim was denied initially and upon reconsideration. AR at 26; 29-30. Plaintiff made a timely request for a *de novo* hearing before an ALJ. *Id*. at 32. On December 5, 2005, ALJ Ruperta M. Alexis conducted a hearing. *Id*. at 283-324. The ALJ heard testimony from three witnesses: plaintiff, who was represented by counsel, Tha Win, Esq., a medical expert, and a vocational expert. *Id*. On May 18, 2006, the ALJ issued a decision finding plaintiff not disabled. *Id*. at 16-22. On June 6, 2006, plaintiff requested review by the Appeals Counsel (AR at 13); on December 13, 2006, review was denied (AR at 6), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On February 14, 2007, plaintiff initiated this civil action for judicial review of the Commissioner's final decision. Dkt. No. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

ORDER - 2

## IV. EVALUATING DISABILITY

As the claimant, Mr. Keith bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded.

## V. THE ALJ'S FINDINGS

Step One: The ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to her decision. *See* AR at 18, Finding 2.

Step Two: The ALJ found that plaintiff's HIV was a medically determinable severe impairment. *Id*. at Finding 3.

Step Three: The ALJ found plaintiff's impairment did not meet or equal the requirements of a listed impairment. *Id*. at 19, Finding 4. The ALJ next determined that plaintiff retained a RFC for sedentary work. *Id*.

Step Four: The ALJ found that plaintiff could not perform any past relevant work. *Id*. at 20, Finding 6.

Step Five: The ALJ determined that plaintiff could perform a significant number of other jobs in the national economy. The ALJ therefore concluded plaintiff was not disabled as defined in the SSA. *Id*. at 21, Finding 10.

## VI. ISSUES ON APPEAL

The sole issue on appeal is whether the ALJ properly evaluated plaintiff's severe condition in finding he did not meet or equal Social Security Listing 14.08(M) for HIV with pneumonia infection. Dkt. No. 21, p.2.

ORDER - 4

## VII. DISCUSSION

It is undisputed that plaintiff has HIV, a medically determinable severe condition, and has been hospitalized twice due to pneumonia infection, with a third hospitalization medically recommended but refused by plaintiff. AR at 18. The ALJ found that despite plaintiff's HIV-positive status and recurrent pneumonia, he did not meet or equal any Social Security listed disorder. AR at 19. Plaintiff asserts that because he clearly met or equaled Listing 14.08(M), he is conclusively disabled.

Listing 14.08(M) provides disabled status is met is with a diagnosis of HIV combined with pneumonia infection resulting in three or more hospitalizations in one year. 20 C.F.R. 404, Subpart P Appendix 1, 14.08(M). The durational requirement in HIV cases is automatically met where Listing 14.08 is met or equaled; unlike the general standard, no additional evidence showing that the impairment has lasted or is expected to last for a continuous period of at least twelve months is necessary, where there were three hospital stays in one year. Social Security Ruling 93-2p. Plaintiff asserts he met Listing 14.08(M) as of his alleged onset date of February 2, 2003, several days after the second hospitalization for pneumonia. Dkt. 1 at 3. The ALJ found that at the time of the hearing, nearly three years later, plaintiff's condition was not disabling. AR at 16-22. The ALJ based this conclusion on medical evidence and testimony indicating plaintiff responded well to medication and therapy (AR at 20), and based on plaintiff's testimony regarding his symptoms (AR at 19). The ALJ found plaintiff generally credible, however, found his statements regarding the ongoing severity of his symptoms not entirely credible because they were not supported by the record. AR at 19. The ALJ found plaintiff's condition had improved since he begun antiretroviral treatment. AR at 20.

An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d). A boilerplate finding is insufficient to support a conclusion that an impairment does not do so. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001), citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990) (holding ALJ erred by failing to consider evidence of equivalence to a listing). *See also Fargnoli v. Massanari*, 247 F.3d 34, 40 n.4 (3rd Cir. 2001) (holding an ALJ must make more than just a conclusory statement why appellant's impairments do not meet the listings); *and Burnett v. Commissioner*, 220 F.3d 112, 119-120 (3rd Cir.

ORDER - 5

2000) (a bare conclusion is beyond meaningful review; the ALJ must explain his findings, including an analysis of whether and why the claimant's impairments are or are not equivalent in severity to one of the listed impairments) (*citing Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)).

Here, although substantial evidence in the record exists to support finding plaintiff's condition improved so as to not be disabling by the time of the administrative hearing, the ALJ did not explain why plaintiff did not meet the listing as of the alleged onset date.[2]  The ALJ's only discussion of the listing issue is:

> The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (citations omitted).
>
> In reaching this conclusion, the undersigned considered listing 14.08 (Human Immunodeficiency Virus (HIV) Infection). The medical expert testified at the hearing that the claimant does not meet the listing. The evidence in the record supports the conclusion that the claimant's condition does not meet or medically equal a listed impairment.

AR at 19, finding 4.

This conclusory analysis does not analyze whether and why plaintiff's impairment is or is not equivalent in severity to the listed impairment. Such an analysis was required for it appears that based on the record plaintiff did meet or at least equal the listing as of his alleged onset date: he had HIV and was hospitalized twice for pneumonia, with a third hospitalization medically recommended. AR at 126; 140-145. The ALJ found plaintiff had markedly improved since his alleged onset date, but failed to make a determination whether plaintiff had *ever* met the listing within the alleged period of disability, and if so, when the disability ended. If plaintiff met a listing, he is entitled to disability benefits from that date the listing was met until he is no longer disabled. Should plaintiff's condition later improve, he would be

---

[2]Defendant curiously speculates that the ALJ must have concluded the listing was not met because plaintiff was not hospitalized the requisite three times *after* his alleged onset date. Dkt. 21 at 4. However, plaintiff correctly points out that if this were the standard, the listing may never be met. Rather, the obvious starting point is whether plaintiff is disabled *as of* his onset date. To assume otherwise would lead to an illogical result. Regardless, the ALJ does not frame the analysis in the fashion defendant speculates. The ALJ simply states the listing is not met. AR at 19. The Court recognizes defendant's confusion may stem from the ALJ's failure to support this conclusion with any explanation as to why the listing was not met as of the alleged onset date when the record supports the opposite conclusion.

ORDER - 6

subject to a medical improvement evaluation resulting in termination of benefits. Alternatively, if plaintiff was disabled at the alleged onset date, but improved sometime prior to the administrative hearing, the ALJ should have found the disability existed for a "closed period" only. Where a claimant previously suffers a period of disability due to a condition which is no longer disabling by the hearing date, he may be entitled to a closed period of benefits. *See Pickett v. Bowen*, 833 F.2d 288, 289 n. 1 (11th Cir.1987) (discussing "closed period" benefit cases). *See also Justice v. Shalala*, 842 F.Supp. 251 (E.D.Tex.,1993) (court reversed with an award of benefits where ALJ improperly determined that a claimant suffering from Acquired Immunodeficiency Syndrome (AIDS) was not entitled to a closed period of disability; where a claimant meets or equals the Listings, he is entitled to a finding of disability *per se)*. If the evidence establishes that a claimant was disabled, but that by the time a disability determination is made, the claimant is no longer disabled, it is SSA policy to establish a closed period of disability. *See* Program Operations Manual System ("POMS") § DI 25510.001. Here, the "ALJ thus viewed the question of disability as an all-or-nothing proposition, failing to consider the possibility of an interim, closed period of disability." *Van Horn v. Heckler*, 717 F.2d 1196, 1200 (8th Cir.1983). *See also Cox v. Secretary of Health & Human Services*, 521 F.Supp. 1295, 1298 (E.D. Pa.1981).

In sum, because the ALJ did not specify why plaintiff's HIV plus pneumonia hospitalizations failed to meet Listing 14.08(M), when the record indicates the listing was met as of the onset date, this Court cannot conclude the finding of no period of disability was based on substantial evidence. The ALJ's finding that no disability existed by the time of the hearing is supported by substantial evidence and is therefore affirmed. However, based on the record, it appears plaintiff is entitled to a closed period of disability. On remand, the ALJ should determine the duration of the closed period.

///

///

///

///

///

///

ORDER - 7

VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED IN PART, and REVERSED IN PART and this case is REMANDED for further administrative proceedings.

DATED this 7th day of February, 2008.

                                                s/Carolyn R. Dimmick
_____
Carolyn R. Dimmick
United States District Court Judge

ORDER - 8